## No. 27267

**The People of the State of Colorado v. Kevin George Dauphinee**

(554 P.2d 1103)

Decided October 12, 1976.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, for plaintiff-appellant.

John O. Walker, P.C., for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY* delivered the opinion of the Court.

---

\* Retired Supreme Court Justice sitting under assignment of the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

This is an interlocutory appeal by the district attorney of Larimer County to review the action of the district court in granting defendant's motion to suppress evidence in a narcotics case.

The defendant was charged on two counts with simple possession of narcotic drug (cocaine); and possession of narcotic drug (cocaine) with intent to induce unlawful use or possession. Probable cause to bind defendant over for trial was found at the preliminary hearing.

Police were executing a search warrant at a residence *not* defendant's. Among other narcotic paraphernalia found and seized was a set of gram scales. Defendant telephoned the residence during the search, and one of the police detectives answered, claiming to be a friend of the resident. Defendant was seeking to borrow the scales. The officer invited him to the house. When the defendant arrived, the officer and he conversed regarding the defendant's proposed use of the scales (to weigh cocaine for an upcoming concert) and the possibility of the officer's purchasing cocaine from the defendant. A loose arrangement was made for the officer to buy some cocaine if defendant had any.

Defendant took the scales, left the house, got into his car, and was driving away when another police officer, Elijah, stopped the defendant. The officer identified himself to defendant and explained about the search of the residence. One officer testified that he then noticed a knapsack directly behind the driver's seat. Knowing the scales to be in the car, he said he assumed that it was in the knapsack. He opened it and found instead a pill bottle, a pill crusher, and two vials — one similar to those used in dealing cocaine with a coke spoon attached. One vial did in fact contain cocaine and this was seized. He went to the other side of the car; the scales were then in plain view just below the dashboard. No other search of the car was made. The officer detained the defendant until the district attorney was notified. Defendant declined to answer any questions and requested permission to call an attorney.

The trial court held that the closed knapsack was a constitutionally protected area of privacy that could be entered only with a search warrant or with probable cause for a search. It found that there was no need to open it at the time of the search. The court stated it was unknown that the knapsack even belonged to the defendant. Also there were no exigent circumstances.

The argument presented to the trial court in support of the motion to suppress was that the warrantless search of defendant's car at the scene of the stop and the seizure of scales and cocaine discovered during the search were not based on probable cause. The trial court agreed.

The district attorney counters that the stop and detention were reasonable. He contends that on the basis of *Stone v. People*, 174 Colo. 504, 485 P.2d 495 (1971), a police officer has statutory authority and a court-recognized right to stop and temporarily detain a person for investigation where there is a reasonable suspicion of his involvement in criminal activity. The argument is a correct statement of abstract law, but the record does not support the contention that the officers had probable cause to believe that the defendant at the time was engaged in any illegal activity. Probable cause to arrest requires more than mere suspicion. The assertion that knowledge of possession of the scales is a basis for the stop is specious.

The officers had given the defendant the scales and knew from his statement that he was taking them elsewhere to weigh some narcotics. (Compare the story of Joseph and his brother Benjamin in Genesis ch. 44.) But the People are in no position to use the possession of the scales as the basis of probable cause to make the stop. Nor can it be said that the belief that the scales were in the knapsack gave them probable cause to seize and search it. The scales were not seizable property. They were neither stolen nor illegal.

Additionally, the record discloses this was more than a mere stop and detention. Defendant was placed under arrest immediately. He was not interrogated until after the search of the car was completed. There was a full-scale search of the defendant's person, and not a limited pat-down. All this was far in excess of the limited area of search in *Stone* and supports the trial court's finding of lack of probable cause and its order suppressing the evidence seized.

The ruling is affirmed.

MR. JUSTICE KELLEY does not participate.